FILED
2024 Aug-22  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **ANTHONY FRANK MONDELLO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>PLEA AGREEMENT</u>

The United States and the defendant, **ANTHONY FRANK MONDELLO**,

hereby acknowledge the following Plea Agreement in this case:

## <u>PLEA</u>

The defendant agrees to (i) plead guilty to the Information filed in the above-

numbered and -captioned matter; (ii) consent to forfeiture as described in section XI

below; (iii), pay restitution to the victim(s) as determined by the Court at sentencing,

and (iv) waive certain rights to direct appeal and collateral attack as outlined in

Section IV of this Agreement. In exchange, the United States Attorney, acting on

behalf of the United States and through the undersigned Assistant United States

Attorney, agrees to recommend the disposition specified below, subject to the

conditions in Section VII.

Defendant's Initials 

## TERMS OF THE AGREEMENT

### I.   MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Conspiracy to Circumvent Technological Measures and to Traffic in Circumvention Devices, in violation of Title 18, United States Code, Section 371, as charged in the Information, is:

A.   Imprisonment for not more than five years;

B.   A fine of not more than $250,000, or,

C.   Both A and B;

D.   Supervised release of not more than three years; and

E.   A special assessment of $100.

### II.   FACTUAL BASIS FOR PLEA

The United States is prepared to prove, at a minimum, the following facts at the trial of this case:

The defendant, **ANTHONY FRANK MONDELLO**, resided in Jefferson County, in the Northern District of Alabama. The defendant has extensive experience modifying video gaming consoles manufactured by several companies, including Microsoft. Microsoft maintains certain rights under U.S. copyright and trademark law to protect its intellectual property, including video game titles, artwork, characters, and the games themselves.

Defendant's Initials

Within the video game or "gaming" community, certain terms are routinely used, including:

- "Circumvention device" commonly refers to software designed to bypass, avoid, remove, deactivate, or impair a technological measure that controls access to or use of a protected work without the authority of the copyright owner.

- "ROM" is generally understood in the gaming community to refer to a pirated or unauthorized copy of a video game that consists of a read-only memory file or image. ROMs can be played on consoles or through circumvention devices or "emulators."

- "Emulator" refers to a hardware device or software program that enables a computer system to mimic the function of another computer system.

- "Mod Chip" is referred to a physical device that can be used to circumvent technological measures on gaming consoles.

- "Pirated" refers to the unauthorized and illegal reproduction or distribution of works protected by U.S. copyright or trademark law. Pirated software is protected software that has been copied, modified, used, or sold without permission. Software piracy denies copyright holders of due compensation for use of their creative works.

- "Home Brew" is a term created by the gaming community that refers to added functions on gaming consoles beyond the parameters set by the hardware manufacturer. Home brew can include expansions to the functions of the console that allow the device to do more than just play games and may also include games that can be played on modified consoles.

To protect against video game piracy, console manufacturers, like Microsoft, implement technological measures within the consoles that prevent the use of unauthorized firmware or the playing of pirated video games. Console

Defendant's Initials _____

manufacturers also use authentication processes to detect if a console is playing a counterfeit game when the console connects to a manufacturer's server.

During the time period charged in the Information, the defendant was the owner of "Tony Mondello's RGH Sales – Gardendale Garage," a Facebook page and YouTube channel where he posted videos of Xbox consoles that he modified using mod chips and circumvention devices that allowed users to play pirated versions of copyrighted video games, or ROMs. The defendant worked with others to modify Xbox consoles for customers by placing circumvention devices, ROMS, emulators, mod chips, and pirated video games on the consoles. After individuals placed an order for a modified console, which cost them $250 plus shipping, these modified consoles were mailed to individuals across the United States using the United States mail. The defendant facilitated sales of these modified consoles through his YouTube channel, on Facebook, and at his webpage, https://customxboxes.com. Each modified console contained hundreds of pirated video games in violation of the game owner's intellectual property rights.

PayPal records reflect that the defendant sold more than 1,000 modded Xbox consoles. As noted above, he typically sold these modded consoles for $250 plus shipping. Accordingly, for the purposes of sentencing, the parties stipulate that the infringement amount under U.S.S.G. §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)(H) was

Defendant's Initials

more than $250,000 and less than $550,000. The parties also stipulate that venue is appropriate in the Northern District of Alabama.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

ANTHONY F. MONDELLO
Defendant

## III.    <u>RECOMMENDED SENTENCE</u>

Subject to the limitations in Section VII regarding subsequent conduct and pursuant to Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*, the United States will recommend the following disposition:

A.    That the defendant be awarded a two-level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The United States agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the United States of the intention to enter a plea of guilty. The United States may oppose any adjustment for acceptance of responsibility if the defendant:  (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the United States, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction

Defendant's Initials

Relief" section of this Plea Agreement;

B.   That the Court consider the fact that the defendant has an "extraordinary physical impairment" and is "seriously infirm" as contemplated in U.S.S.G. §5H1.4 when calculating the advisory *United States Sentencing Guideline* range at the time of sentencing.

C.   That the defendant receive a sentence consistent with the low end of the advisory *United States Sentencing Guideline* range as calculated by the Court at the time of sentencing;

D.   That following the completion of any term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

E.   That the defendant be required to pay restitution to all the victims of the defendant's crimes, in an amount determined at sentencing.

F.   That the defendant be required to comply with the forfeiture provisions set forth in Section XII of this Agreement; and

G.   That the defendant pay a special assessment of $100, said amount due and owing as of the date sentence is pronounced.

IV.   **WAIVERS**

A.   **STATUTE OF LIMITATIONS WAIVER**

**In consideration of the recommended disposition of this case, I, ATHONY MONDELLO, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of**

Defendant's Initials

this plea agreement until and including the date of entry of any order setting this plea agreement aside.

### B.  RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, ANTHONY FRANK MONDELLO, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1.  Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2.  Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3.  Ineffective assistance of counsel.

Defendant's Initials _____

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the United States retains its right to appeal where authorized by statute.

I, ANTHONY FRANK MONDELLO, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
ANTHONY F. MONDELLO
Defendant

## V.    <u>UNITED STATES SENTENCING GUIDELINES</u>

The defendant's counsel has explained to the defendant, that following the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the *United States Sentencing Guidelines* are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the Guideline range. The defendant agrees that under this Agreement the Court may use facts it finds by a preponderance of the evidence to reach an advisory Guideline range, and the

defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.    <u>AGREEMENT NOT BINDING ON THE COURT</u>

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the United States is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the United States' recommendation. Further, the defendant understands that if the Court does not accept the United States' recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.    <u>VOIDING OF AGREEMENT</u>

The defendant understands that if the defendant (a) violates any federal, state, or local law, or any condition of pretrial release, after entering into this Plea Agreement, (b) moves the Court to accept a plea of under the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this Plea Agreement, or (e) does or says anything that is inconsistent with the acceptance of responsibility, the Plea Agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations—express or implied—that are contained herein. Further, this election will not entitle the defendant to withdraw a previously entered plea.

Defendant's Initials

**VIII.**     <u>**OTHER DISTRICTS AND JURISDICTIONS**</u>

The defendant understands and agrees that this Agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

**IX.**     <u>**COLLECTION OF FINANCIAL OBLIGATION**</u>

To facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and

Defendant's Initials

truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's Plea Agreement, the defendant admits to fact as stated in Section II associated with the charge in the Information and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory Guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This Agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this Agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts (should there be any) and waives objection to the inclusion of that restitution in any order issued by the Court.

Defendant's Initials _____

XI.     **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified in this Agreement, the defendant understands and acknowledges that this Agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings.

XII.    **FORFEITURE**

The defendant agrees to consent to the immediate entry of a final order of forfeiture against the defendant under Rule 32.2(b)(1) of the *Federal Rules of Criminal Procedure* in the amount of $102,290, which represents proceeds the defendant personally obtained, controlled, and benefitted from as a result of the offense alleged in the Information and to which the defendant is indicating the desire to plead guilty by way of this written Plea Agreement. For purposes of entering the order of forfeiture, the defendant acknowledges that a nexus exists between said amount and the criminal offense to which the defendant is pleading guilty.

The defendant acknowledges that if directly forfeitable property: (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property that cannot be divided without difficulty due an act or omission

Defendant's Initials

by the defendant, the United States is authorized under law to seek the forfeiture of all of the defendant's assets as substitute assets for the purpose of satisfying the final order of forfeiture until the order is satisfied in full. As a result, the defendant consents to the forfeiture of all of the defendant's property up to the value of $102,290, representing proceeds the defendant personally obtained, controlled, and benefitted from as a result of the offense charged in the Information.

The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Rule 32.2 of the *Federal Rules of Criminal Procedure* regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Rule 43(a) of the *Federal Rules of Criminal Procedure* with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this under Rule 11(b)(1)(J) of the *Federal Rules of Criminal Procedure* at the time the defendant's guilty plea is accepted.

Defendant's Initials

The defendant further waives all Constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out under this Plea Agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses, or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed under the Information, or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

## Non-Abatement of Criminal Forfeiture

The defendant understands and agrees that the forfeiture provisions of this Plea Agreement are intended to—and will—survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this Agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this Agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

Defendant's Initials

## XIII.     IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences on defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. However, removal and other immigration consequences are the subject of a separate proceeding. The defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV.     DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this Plea Agreement consisting of 17 pages. I have discussed the case and my Constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront,

Defendant's Initials

cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

---

I understand that this plea agreement will take effect and will be binding as to the Parties only after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Plea Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

5/13/24
DATE

ANTHONY F. MONDELLO
Defendant

Defendant's Initials

## XV.      COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Plea Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the Plea Agreement on the terms and conditions set forth herein.

5/13/24
DATE

JOHN F. COCKRELL
Defendant's Counsel

## XVI.      UNITED STATES' ACKNOWLEDGMENT

I have reviewed this matter and this Plea Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

8/21/24
DATE

EDWARD J. CANTER
Assistant United States Attorney

Defendant's Initials